369 P.2d 282

Curtis C. BOSWORTH and Dorothy Bosworth, Plaintiffs and Respondents,

v.

George I. NORMAN, Jr., and Robert Sherman Partners, d/b/a Downbeat Broadcasting Associates, Defendants and Appellants.

No. 9518.

Supreme Court of Utah.

March 9, 1962.

Kipp & Charlier, Salt Lake City, for appellants.

Richards, Alsup & Richards, Ogden, for respondents.

McDONOUGH, Justice.

Appeal from a specific performance judgment involving a real estate deal.

Defendants ran a radio station. It burned down. The record supports the fact that they had a deadline to resume operations. *Before* the fire, they contacted plaintiffs for a lease of their business building on the main street of Ogden, Utah. They inspected the property inside and out and roofside. *After* the fire, early on a Sunday morning, they sought out plaintiff Bosworth for the purpose of buying the property because "we would have lost our broadcasting license if we didn't find space immediately," "our station has burned down," "we have to have a place," and "we are in a squeeze." Bosworth suggested negotiations on a secular day, and with advice of counsel. Defendants insisted on immediacy and prepared an agreement which, among other things, provided that the "Buyers are assured by the Sellers *at the time of closing* that all taxes, encumbrances, liens or other possible indebtedness has been paid in full and is their complete liability." After title insurance, conveyance was to be by quitclaim deed. Bosworth, still bothered, took the document to his attorney, who got out of bed to examine it, who also suggested that the matter be attended to at his office on another day. Defendants insisted because of the emergency, that closure should be then and there, and the document was executed.

Later on, it developed that, although no one had discussed a party-wall agreement, the county records showed that long before Bosworth acquired the property, a party-wall agreement had been placed on record in 1929. Then the defendants, who had time to think the matter over, attributed this so-called "encumbrance" as a reason for reneging on the contract, and bargained for other quarters. The record indicates that defendants, before the contract, had examined the premises, their architects shortly thereafter examined them, as did the trial judge, and it seems clear that anyone who looked and saw could discern that there was one common supporting wall between the premises and those adjoining. Defendants' architect said that defendants' plan to lower the ceiling could be accomplished at some expense, the amount of which does not appear in the record. Defendants set up the defense of fraud for failure to disclose the party-wall agreement, even though the same had been recorded for some 30-odd years, and even though their pressures on Bosworth on a Sunday morning did not reveal this circumstance.

There is a question, particularly in this case, whether a party-wall agreement is an encumbrance or a benefit.[1] This we need not decide. Such agreements are common on business streets where each property owner is dependent on his neighbor for support, and vice versa. But under the circumstances of *this* case, which was

1. 55 Am.Jur., 686, Vendor and Purchaser, Sec. 229.

nothing less than a pressure deal, it hardly lies in the mouths of the defendants to say they were deceived, and more hardly does it appear by the evidence, clearly and convincingly, that there was any intention on the part of Bosworth to influence defendants by deception and fraud. By such requirement it would appear unreasonable to conclude that a solicitee, on a Sunday morning, without overture of any kind, was guilty of intentionally designing, under the guise of fraud, to induce anybody to do anything, and the defense of deliberate deceit under such circumstance does not impress this court as coming within the rules of equity that would invalidate a contract for wilful deception. Besides, there is no evidence in the record that would indicate that anything other than de minimis constituted an expense for repairs claimed to be necessary because the property would not design itself to the peculiar desires of the purchaser. Furthermore, there is nothing to show that "at the time of closing," Bosworth could not have procured an agreement from a probably amicable neighbor, to compromise any party-wall agreement so as to suit defendants' wishes.

The judgment is affirmed. Costs to plaintiffs.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.